**CITY OF KENDALLVILLE,**
Appellant–Plaintiff,

v.

**Robert DITTON, Appellee–Defendant.**

No. 57A03–9405–CV–172.

Court of Appeals of Indiana.

June 19, 1995.

Jon C. Owen, Graft, Owen and Hogan, Kendallville, for appellant.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff City of Kendallville (City) appeals from a judgment in favor of defendant-appellee Robert Ditton in an action alleging violations of a city cleanup ordinance.

The facts relevant to this appeal disclose that Ditton owns a residence in the City of Kendallville, Indiana. Prior to March 11, 1992, Ditton placed window frames, some with broken glass panes, in front of his house and a stack of plywood sheets in the yard beside his house. David Lange, building inspector and code enforcement officer for City, sent Ditton a notice to comply dated March 11, 1992. The notice charged that Ditton had violated Kendallville General Ordinance No. 596 and Kendallville City Code 14–3, prohibiting the accumulation of garbage and rubbish. Lange sent Ditton a second notice to comply dated May 28, 1992.

On October 1, 1992, Lange sent Ditton a letter which stated that corrective action must be completed on or before October 15, 1992, or a citation for an ordinance violation would be issued. Ditton was also informed that the ordinance provided for a new violation each and every day the ordinance was violated. Thereafter, 61 complaints were filed against Ditton alleging violations of the ordinance from October 28, 1992 to January 26, 1993.

A bench trial was held on August 18, 1993. At the conclusion of the evidence, the trial court took the matter under advisement. On September 2, 1993, the court entered findings of fact, conclusions of law and a decree. The trial court entered judgment in favor of Ditton concluding that City's complaints were barred by collateral estoppel.

On September 29, 1993, City filed a motion to correct error. After a hearing, the trial court granted City's motion. The court stated that it improperly took judicial notice of a prior judgment in which a jury found in favor of Ditton on the same issue as was presently before the court. The court further stated that since its error affected not only the ultimate decision rendered but also rulings concerning the introduction of the evidence, the case would be set for retrial. City now appeals.

City presents two issues, neither of which is appropriate for this Court's review. City declares that it is appealing from the trial court's Findings of Fact, Conclusion of Law, and its Order entered on September 2, 1993, and the Order of a supplemental finding *nunc pro tunc*, dated September 3, 1993; wherein, judgment was entered in favor of Ditton. City, however, neglects to inform this Court that its motion to correct error was granted on January 27, 1994.

City's contentions that there was insufficient evidence to support the trial court's judgment and that the trial court erred in taking notice of the prior court action of January 27, 1993, are no longer in issue as the trial court granted City's motion and set the case for retrial. Further, the trial court in granting City's motion specifically recognized that it could not take judicial notice of the record in a previous case.

If City desired to appeal directly from the September 2, 1993 judgment, it should have done so. Instead, City chose to file a motion to correct error with the trial court. Although City could have filed an appeal from the trial court's grant of the motion to correct error, City cannot now attempt to appeal from the September 2, 1993 judgment which no longer has any effect. *See* Ind. Trial Rule 59(F) ("Any modification or setting aside of a final judgment or an appealable final order following the filing of a motion to correct error shall be an appealable final judgment or order."); Ind. Appellate Rule 4(A) ("Appeals may be taken by either party from all final judgments. . . . When a Motion to Correct Error is used a ruling or order by the trial court granting or denying the same shall be deemed a final judgment, and an appeal may be taken therefrom."); *see also Heredia v. Sandler* (1993), Ind.App., 605 N.E.2d 1212, 1215 (where trial court granted defendant's motion for summary judgment and then vacated the judgment by granting plaintiff's motion to correct error, defendant's appeal from the grant of the motion was proper; defendant was not appealing the denial of its motion for summary judgment nor attempting to pursue an interlocutory appeal, but appealing from the grant of the motion). City's appeal is therefore dismissed.

Dismissed.

STATON and KIRSCH, JJ., concur.